RE: MUNICIPAL EMPLOYEE BENEFITS
ATTORNEY GENERAL HENRY HAS ASKED ME TO PERSONALLY RESPOND TO YOU ABOUT YOUR INQUIRY CONCERNING THE PROPRIETY OF A MUNICIPALITY GIVING EMPLOYEES AND/OR THEIR FAMILIES "FREE SEASON PASSES" TO USE A MUNICIPAL SWIMMING POOL. PLEASE BE ADVISED THAT THIS OFFICE HAS DETERMINED THAT YOUR INQUIRY CANNOT BE ANSWERED AS A MATTER OF LAW, BUT WOULD REQUIRE A DETAILED REVIEW OF THE FACTUAL CIRCUMSTANCES THAT WOULD INHERENTLY SURROUND SUCH AN ACTION.
IT MIGHT WELL BE POSSIBLE FOR A MUNICIPALITY TO PROVIDE SUCH A BENEFIT AS A JOB-RELATED PERQUISITE OF MUNICIPAL EMPLOYMENT, MUCH LIKE PUBLIC EMPLOYEES ARE FREQUENTLY GRANTED IN THE NATURE OF RETIREMENT AND INSURANCE PROGRAMS. HOWEVER, WHETHER ANY PARTICULAR PROGRAM WOULD BE A LEGITIMATE UTILIZATION OF PUBLIC AUTHORITY CANNOT BE ANSWERED IN THE ABSTRACT, AS A MATTER-OF PURE LAW. A NUMBER OF BACKGROUND QUESTIONS WOULD HAVE TO BE REVIEWED, NOT THE LEAST OF WHICH WOULD BE THE POSSIBILITY OF MUNICIPAL CHARTER PROVISIONS IMPACTING UPON THE QUESTION, AS WELL WHETHER ANY BOND ISSUES THAT MIGHT HAVE FUNDED THE CONSTRUCTION OF THE POOL CONTAIN LIMITATIONS ON THE CITY'S ABILITY TO GIVE FREE ACCESS TO THE FACILITY PENDING THE SATISFACTION OF THE BONDHOLDERS' INTERESTS. AT BEST, I CAN ONLY ADVISE INFORMALLY THAT I CAN SEE NO INHERENT, PER SE PROHIBITION IN THE LAW ABSOLUTELY PROHIBITING SOME FORM OF MUNICIPAL EMPLOYEE BENEFITS ALONG THESE LINES.
AS YOU ARE NO DOUBT AWARE, TITLE 74 O.S. 18B STATUTE THAT SETS FORTH THE GENERAL POWERS OF THIS OFFICE, ABSOLUTELY FORBIDS THIS OFFICE FROM RENDERING OPINIONS ABOUT MATTERS WHICH MUST TAKE INTO ACCOUNT THE PARTICULAR FACTS THAT MIGHT BE PRESENT IN A GIVEN CASE. RATHER, SUCH DETERMINATIONS ARE CONTEMPLATED AS BEING MATTERS THAT A MUNICIPALITY SHOULD LOOK TO ITS RETAINED MUNICIPAL ATTORNEY FOR GUIDANCE UPON, OR, IN THE ULTIMATE, MATTERS THAT WOULD HAVE TO BE ADJUDICATED BY A COURT OF COMPETENT JURISDICTION.
I AM ADVISED THAT THE MUNICIPAL ATTORNEY IN WYNNEWOOD HAS FORMALLY ADVISED THE GOVERNING BODY OF THAT CITY ABOUT THE MATTER, AND SUGGEST THAT THE CITY MANAGER RELY ON THE ADVICE TENDERED BY THAT ATTORNEY, OR, IF HE FEELS THAT THE ADVICE GIVEN IS INADEQUATE, THAT HE CONTACT THE CITY COUNCIL ABOUT RETAINING A PRIVATE ATTORNEY TO SPECIFICALLY REVIEW THE FULL RANGE OF FACTUAL CIRCUMSTANCES SURROUNDING THE MATTER IN WYNNEWOOD. IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER, OR THE REASONS WHY IT IS FELT THAT AN OFFICIAL OPINION CANNOT BE ISSUED, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(PERKS)
(MICHAEL SCOTT FERN)